IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM LEAK,<br>    Petitioner, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 17-CV-2608 |
| SUPERINTENDENT<br>MICHAEL CLARK, *et al.*,<br>    Respondents. | :<br>:<br>:<br>: |

## MEMORANDUM

**BEETLESTONE, J.**                                                                 **SEPTEMBER 13, 2022**

*Pro se* Petitioner William Leak, a prisoner in state custody serving an aggregate term of ten to twenty years of incarceration followed by thirty years of probation,[1] has filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b). (*See* ECF No. 84.) Leak seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 80). Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

**I.     BACKGROUND**

The procedural history and factual background of Leak's conviction is fully set forth in the Report and Recommendation prepared by Magistrate Judge Timothy R. Rice. (ECF No. 66); *Leak v. Clark*, 2020 WL 1866890, at *1-*3 (E.D. Pa. Feb. 7, 2020). Accordingly, the Court outlines only the information necessary to place the instant Motion in context. Following the denial of an amended counseled petition for post-conviction relief filed pursuant to the

---

[1] Following a jury trial in the Court of Common Pleas of Philadelphia County, Petitioner was convicted of rape, involuntary deviate sexual intercourse, aggravated assault, aggravated indecent assault, unlawful restraint, and possession of an instrument of crime. *See Leak v. Clark*, 2020 WL 1866890, at *3 (E.D. Pa. Feb. 7, 2020). In September 2008, the trial court determined Leak was a sexually violent predator and sentenced him to an aggregate term of ten to twenty years of incarceration followed by thirty years of probation. *Id.*

Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541,[2] Leak filed an amended counseled § 2254 petition asserting the following claims:

> (1) ineffective assistance of trial counsel for failing to object to the admission of the complaining witness's medical records from Temple University Hospital's Episcopal Campus because the admission of those records violated his rights under the Sixth Amendment's Confrontation Clause and Pennsylvania Rules of Evidence 802 and 403; and
>
> (2) ineffective assistance of trial counsel for failing to obtain evidence to support his pre-trial motions to dismiss the charges based on the Commonwealth's failure to timely prosecute him pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure.

(ECF No. 46).

Magistrate Judge Rice recommended that the amended counseled § 2254 petition be denied with prejudice, concluding that Leak's claims were both untimely and meritless. (ECF No. 66.) Leak filed Objections to the Report and Recommendation on April 21, 2020. (ECF No. 76.) In an Order filed July 28, 2020, the undersigned overruled Leak's Objections, adopted the Report and Recommendation, dismissed the amended counseled petition with prejudice, and determined that there was no probable cause to issue a certificate of appealability. (ECF No. 80.) Leak requested, but was denied, a certificate of appealability from the United States Court of Appeals for the Third Circuit on June 23, 2021. (ECF No. 83.)

In the current Motion, Leak seeks relief pursuant to Rule 60(b), averring as follows:

> Petitioner asserts, that his Constitutional Rights were violated with the admission of the <u>medical records</u> that he can now prove via 'newly discovered evidence' shows that (ADA) M.Stackow and the trial Judge Rose Marie Defino Nastasi both knew prior to the deliberations that the medical records were in fact 'Brady material' that violated Petitioner's Sixth Amendment Right to be informed of the nature and cause of the accusations, and to be confronted with the witness against him. Also to have compulsory process for obtaining witnesses in his favor. Also,

---

[2] On March 16, 2012, Leak filed a counseled PCRA petition. *See Leak,* 2020 WL 1866890, at *3. Leak was subsequently appointed new counsel who filed an amended PCRA petition. *Id.* The PCRA court dismissed Leak's amended PCRA petition in January 2015. *Id.* In June 2016, the Pennsylvania Superior Court affirmed the dismissal, and on February 15, 2017, the Pennsylvania Supreme Court denied review. *Id.*

2

> the 14th Amendment, by depriving Petitioner of his liberty without due process of law and equal protection under the law.

(ECF No. 84 at 6.)[3] Petitioner identifies the "newly discovered evidence" as a July 24, 2007 transcript that contains the notes of testimony from a hearing "that took place in the judges chambers without Petitioner being present"[4] and which "implies that (ADA) M.Stackow and trial judge Rose Marie Defino Nastasi, knew and submitted Brady material to the jury during the Jury's deliberations." (*Id.* at 4-5.) Petitioner avers that the "transcript in question revealed that the medical records [of the complaining witness] were in fact Brady material once they were discovered." (*Id.* at 5.) Petitioner also appears to assert a prosecutorial misconduct claim and an ineffective assistance of trial counsel claim because counsel "allow[ed] the Preliminary Hearing to be videotaped on 8-8-06 with out the Defense having the full discovery to cross examine the alleged witness with the exculopatory [sic] evidence." (*Id.* at 10-11, 13.)

## II.   STANDARDS

### A.   Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

[4] Petitioner concedes, however, that his criminal defense attorney at the time, Mark Mungello, Esquire, was present during the July 24, 2007 hearing. (ECF No. 84 at 9; *see also id.* at 42.)

Fed. R. Civ. P. 60(b).  Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision.  Fed. R. Civ. P. 60(c).

### B. Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is an unauthorized second or successive habeas petition.  That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (*per curiam*).  Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.  *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147. 152 (2007).  A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion.  *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 442 (3d Cir. 2021) ("[A] § 2254 petitioner cannot use Rule 60(b) to sidestep an application of AEDPA's gatekeeping mechanism."); Brian R. Means, FEDERAL HABEAS MANUAL § 11:42 (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or

successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, is not available to a state prisoner seeking habeas relief.[5] The Supreme Court explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.* at 530-32 (quoting Section 2244(b)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner also advances a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote and emphasis omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or

---

[5] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

"challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 & n.5.

### III.   DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Leak's Rule 60(b) Motion is a true Rule 60(b) motion or a successive habeas petition. The answer to this question is clear: the Motion functions as a successive habeas petition.

Leak indicates in his Motion that he seeks relief on the basis of Rule 60(b)(6). (ECF No. 84 at 1.) However, it is clear to the Court that Leak is actually raising new, previously unasserted habeas claims and/or attempting to relitigate the merits of his prior claim regarding the admission of the complaining witness's medical records. Leak is attacking his conviction based upon theories he could have raised in his § 2254 petition. Therefore, the Motion must be construed as an unauthorized second or successive habeas petition to the extent that it challenges the judgment of sentence. Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

**BY THE COURT:**

/s/Wendy Beetlestone, J.
_____
**WENDY BEETLESTONE, J.**